James A. Hennefer (CSB# 059490)
    jhennefer@hennefer-wood.com
HENNEFER & WOOD
425 California Street, 19th Floor
San Francisco, CA 94104-2296
Telephone: (415) 421-6100
Facsimile:  (415) 421-1815

Attorneys for Plaintiff
Richard B. Fox, M.D.

Ross E. Campbell (SBN # 75998)
    ross.campbell@bingham.com
Beth A. McGowen (CSB # 148747)
    beth.mcgowen@bingham.com
Katharine L. West (CSB # 191284)
    katharine.west@bingham.com
Bingham McCutchen LLP
1900 Universit Avenue
East Palo Alto, CA 94303
Telephone: (650) 849-4400
Facsimile (650) 849-4800

Attorneys for Defendants Good Samaritan
Hospital and Good Samaritan Hospital Medical Staff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION           *E-FILED - 1/18/07*

| | |
|---|---|
| RICHARD B. FOX, M.D., | No. C- 04-00874 RMW |
| Plaintiff, | **REQUEST FOR ORDER CHANGING TIME. SUPPORTING DECLARATION AND [PROPOSED] ORDER** |
| vs. | |
| GOOD SAMARITAN HOSPITAL and GOOD SAMARITAN HOSPITAL MEDICAL STAFF, | Local Rule 6-2 |
| | Date: N/A |
| | Time: N/A |
| Defendants. | Place: Courtroom 6 |
| | Judge: Hon. Ronald M. Whyte |
| | Trial Date: February 5, 2007 |

| | |
|---|---|
| 1 | **INTRODUCTION** |
| 2 | This joint request of the parties for an order vacating the trial date in this action and |
| 3 | adjusting the pre-trial dates based on a new trial date to be set by the Court is made by plaintiff |
| 4 | Richard B. Fox, M.D. ("Dr. Fox") and defendants Good Samaritan Hospital and the Good |
| 5 | Samaritan Hospital Medical Staff jointly. It is based on the following grounds and supported by |
| 6 | the accompanying Declaration of James A. Hennefer, set out below. (1) There has been only one |
| 7 | prior request or modification of the trial and pretrial dates set by the Court at the Case Management |
| 8 | Conference on September 2, 2005. (2) Plaintiff's motion to file a First Amended Complaint, |
| 9 | which may change the defendants and/or causes of action at issue in this case, is pending, having |
| 10 | been heard and submitted to the Court on May 12, 2006. (3) Defendants' motion for summary |
| 11 | judgment, which may eliminate or change causes of action at issue in this case, is pending, having |
| 12 | been heard and submitted to the Court on November 3, 2006. (4) All parties agreed at the May 12, |
| 13 | 2006 hearing that a continuance of the trial date would be appropriate if a First Amended |
| 14 | Complaint were allowed to be filed. (5) The parties have cooperated in the scheduling of |
| 15 | discovery, and have agreed to defer particular items of discovery pending the outcome of the |
| 16 | motion to amend and the motion for summary judgment. (6) It will require additional time to |
| 17 | accomplish this discovery before trial. |
| 18 | For the foregoing reasons, as set out in greater detail in the Declaration of James A. |
| 19 | Hennefer, immediately below, it is respectfully requested, by all of the parties to this action, that |
| 20 | the current trial date of February 5, 2007, be vacated. It is also respectfully requested that the other |
| 21 | pretrial dates be vacated and that they be reset, based on a new trial date to be set by the Court. |

Dated: December 21, 2006                           HENNEFER, FINLEY & WOOD


By_____/s/ James A. Hennefer_____

James A. Hennefer
Attorneys for Plaintiff
Richard B. Fox, M.D.

---

*Fox v. Good Samaritan Hospital, et al.*                                           Case No. C-04-00874 RMW
Request for Order Changing Time

| | | |
|---|---|---|
| 1 | Dated: December 21, 2006 | BINGHAM McCUTCHEN |
| 2 | | By    /s/ Beth McGowen |
| 3 | | Beth McGowen<br>Attorneys for Defendants |

**DECLARATION OF JAMES A. HENNEFER**

I, James A. Hennefer, declare:

1. Richard B. Fox, M.D. ("Dr. Fox") filed the original complaint ("Complaint") in this action on March 4, 2004 as a *pro se* litigant. This original Complaint is the operative pleading in this action, pending the Court's ruling on plaintiff's motion to file a First Amended Complaint and the filing of such complaint. The proposed First Amended Complaint is generally described in paragraph 6, below.

. 2. I became counsel for plaintiff herein, Richard B. Fox, M.D. ("Dr. Fox"), as of April 4, 2005, and filed a "Notice of Appearance of Counsel" that Hennefer & Wood had become counsel for Dr. Fox on April 6, 2005. (Docket No. 61)

3. After this, proceedings were stayed while the parties conducted formal private mediation with JAMS/Endispute. Mediation was held before the Honorable Peter Stone (Ret.) on July 21, 2005 but the parties were unable to resolve the action.

4. On September 2, 2005 the Court held a case management conference at which it set this matter for trial on October 10, 2006 and set a pretrial schedule, including the following dates: (a) Pretrial Conference September 28, 2006 at 2:00 p.m.; (b) Joint Pretrial Statement due September 22, 2006; (c) Hearing on dispositive motions set for August 11, 2006 at 9:00 a.m; (d) Close of fact discovery on June 16, 2006; (e) Disclosure of experts by June 16, 2006; and (e) Close of expert discovery by July 14, 2006. (Docket No. 68)

5. On March 31, 2006, on behalf of Dr. Fox, I filed a motion for leave to file a First Amended Complaint ("FAC") which involved the following principal amendments:

    a. The FAC inserted the names of the proper legal entities described by Dr. Fox as the

---

*Fox v. Good Samaritan Hospital, et al.*                                                               Case No. C-04-00874 RMW
Request for Order Changing Time

|   |   |   |
|---|---|---|
| 1 | | "Good Samaritan Hospital" defendant in the original Complaint, naming the correct |
| 2 | | legal entities, *viz.* Good Samaritan Hospital, LP, its general partner Good Samaritan |
| 3 | | Hospital LLC and HCA, Inc., the parent corporation which owns or controls 100% |
| 4 | | of defendants Good Samaritan Hospital, LP and its general partner Good Samaritan |
| 5 | | Hospital LLC, together with charging allegations. (FAC Caption, ¶¶ 16-17). |
| 6 | b. | The FAC eliminated Count III in the Complaint which was dismissed with |
| 7 | | prejudice by the Court in its March 14, 2005 "Order Granting in Part and Denying |
| 8 | | in Part Defendants' Motion for Partial Judgment on the Pleadings," on the basis of |
| 9 | | the collateral estoppel effect of the *Fox I* state-court action. (Complaint ¶¶ 183-185) |
| 10 | c. | The FAC modified other antitrust causes of action in the Complaint on the basis of |
| 11 | | the Court's March 14 "Order Granting in Part and Denying in Part Defendants' |
| 12 | | Motion for Partial Judgment on the Pleadings," to conform to the Court's rulings in |
| 13 | | that order. (FAC ¶¶ 413-420) |
| 14 | d | The FAC updated the facts alleged to include events that had occurred since the |
| 15 | | March 4, 2004 filing of the Complaint, including defendants' latest alleged actions |
| 16 | | against Dr. Fox's privileges in 2006 and HCA's alleged continuing attempts into |
| 17 | | 2006 to monopolize pediatric ICU care in Santa Clara County. (FAC ¶¶ 4,6,193- |
| 18 | | 195, 217) |
| 19 | e. | The FAC, elaborated on the allegations in the original Complaint at paragraphs 13-, |
| 20 | | 64, 112 and 129 concerning HCA's and Good Samaritan's involvement in criminal |
| 21 | | and civil fraud, EMTALA (Emergency Transfer Act) fraud (Complaint Exhibit 32, |
| 22 | | ¶ 2(b), Exhibit 49, page 3, ¶ 3), and investment of those proceeds in Good |
| 23 | | Samaritan and Dr. Fox's competitor, the Northern California PICU Associates, |
| 24 | | formalized in separate causes of action claims under RICO. (FAC Sixth-Ninth |
| 25 | | Claims for Relief, ¶¶ 222-369, 440-472 ). It added extensive exhibits obtained |
| 26 | | from the U.S. Department of Justice through the Freedom of Information Act, |
| 27 | | supporting and specifying in greater detail HCA and Good Samaritan's participation |
| 28 | | |

in an alleged RICO scheme which directly injured Dr. Fox as a competitor of PICU Associates. (FAC Exhibits 101- 142)

  f. Finally, the FAC three (3) California state claims believed to be supported by allegations in the original Complaint. These are the Twelfth-Fourteenth Claims for Relief in the FAC for: (1) tortious interference with prospective economic advantage; (2) libel; and (3) slander.

6. The hearing on Dr. Fox's motion to file the First Amended Complaint was held on May 12, 2006. The tentative ruling of the Court, filed in its Civil Minutes and entered as Docket No. 78, was to grant the motion to add new defendants and to deny the motion as to the RICO claims. There was no tentative ruling as to the addition of the state claims. The matter was submitted on May 12, 2006.

7. At the close of the hearing on the motion to file a First Amended Complaint on May 12, 2006, defendants' counsel and plaintiff's counsel each stated to the Court that if any First Amended Complaint were allowed, they believed it would be appropriate to continue the trial date of October 10, 2006 and pretrial dates.

8. On June 5, 2006, after the May 12, 2006 hearing on the motion to file the First Amended Complaint, the United States Supreme Court issued its opinion in *Anza v. Ideal Steel Supply, Corp.* involving competitor claims under RICO. Defendants filed a "Notice of Recent Decision" regarding *Anza* on June 19, 2006 (Docket No. 79); Dr. Fox filed a "Response to Defendants' Notice of Recent Decision" on July 3, 2006 (Docket No. 80); and, defendants filed a "Response" on July 7, 2006 (Docket No. 81). There has been no further briefing on the motion to file a First Amended Complaint and the parties are awaiting the decision of the Court.

9. On July 7, 2006 defendants filed their motion for summary judgment. (Docket Nos. 87 - 102) This motion was initially set for hearing on August 11, 2006, the date set by the Court for the hearing of dispositive motions at the September 2, 2005 case management conference. By agreement among the parties and by order of the Court defendants' motion for summary judgment was reset and was heard by the Court on November 3, 2006. This motion was submitted for

decision on this date. The parties are awaiting the decision of the Court.

  10. On July 14, 2006, pursuant to agreement of the parties Dr. Fox filed an unopposed *ex parte* application to reset the pretrial dates and trial date. (Docket No. 104) On August 8, 2006 the court granted the application, which set this matter for trial on February 5, 2007 and set a pretrial schedule, including the following dates: (a) Pretrial Conference, January 25, 2007 at 2:00 p.m.; (b) Joint Pretrial Statement due January 19, 2007; (c) Hearing on dispositive motions, December 8, 2006 at 9:00 a.m; (d) Close of fact discovery, October 13, 2006; (e) Disclosure of experts, October 13, 2006; and (e) Close of expert discovery, November 17, 2006. (Docket No. 105).

  11. The parties have cooperated extensively in providing discovery and the scheduling of discovery, including interrogatories, document productions, subpoenas and depositions. They have informally extended dates for certain discovery, pending the Court's rulings on the motions to file a first amended complaint and for summary judgment.

  12. This ex parte application is made in the joint interests of the parties that they be able to have the Court's rulings on the motion to amend and the motion for summary judgment, before proceeding with additional discovery and before final trial preparations begin.

  13. The foregoing is known to me of my own personal knowledge and if called to testify thereto, I could and would competently testify to these matters..

Sworn to under penalty of perjury pursuant to the laws of the State of California this 21th day of December, 2006 at San Francisco, California.

          /s/ James A. Hennefer
            James A. Hennefer

*Fox v. Good Samaritan Hospital, et al.*  Case No. C-04-00874 RMW
Request for Order Changing Time

**] ORDER**

The foregoing Request for Order Changing Time having been presented jointly by plaintiff Dr. Richard B. Fox and defendants Good Samaritan Hospital and the Good Samaritan Hospital Medical Staff and being supported by the Declaration of James A. Hennefer and good cause having been shown, the Court hereby vacates the trial date of February 5, 2007 and the pretrial dates set in the order of August 8, 2006 (Docket No. 105).

IT IS SO ORDERED. The Court resets the following dates: Trial - 5/16/07 @ 1:30 p.m.; Pretrial Conference - 5/3/07 @ 2:00 p.m.; Joint Pretrial Statement due 4/27/07; Hearing on Dispositive Motions - 3/30/07 @ 9:00 a.m.; Close Fact and Disclosure of Experts on 2/16/07; Close Expert Discovery on 3/16/07.

Dated: January 18 , 2007

_____
Judge Ronald M. Whyte
United States District Court Judge

---

*Fox v. Good Samaritan Hospital, et al.*  Case No. C-04-00874 RMW
Request for Order Changing Time