1
2
3                                    *E-FILED on 9/13/07*
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                              SAN JOSE DIVISION
10
    RICHARD B. FOX, M.D.,                    No. C-04-00874 RMW
11
              Plaintiff,
12
          v.                                 ORDER GRANTING IN PART AND
13                                           DENYING IN PART PLAINTIFF'S MOTION
    GOOD SAMARITAN HOSPITAL and GOOD         FOR LEAVE TO FILE FIRST AMENDED
14  SAMARITAN HOSPITAL MEDICAL               COMPLAINT
    STAFF,
15                                           [Re Docket Nos. 70, 75, 76]
              Defendants.
16
17
18          Plaintiff Richard Fox, M.D. moves for leave to amend his complaint.  Dr. Fox's request to

19  substitute two entities, Good Samaritan Hospital LP, a Delaware limited partnership, and Good

20  Samaritan Hospital LLC, a Delaware limited liability company, for defendant Good Samaritan

21  Hospital is granted.  Also, Dr. Fox's request to add HCA Inc., a Delaware corporation, as a

22  defendant is granted.  Dr. Fox's motion for leave to amend to add RICO, libel and slander claims is

23  denied because assertion of such claims is untimely, would take this action in a substantially

24  different direction at this late date in the proceedings and would appear to be futile.  The motion is

25  granted insofar as it seeks to add a state-law claim for interference with economic relations.

26
27
28

**Factual Background**

Plaintiff is a physician in private practice in San Jose, California, certified in pediatric pulmonology and pediatric critical care medicine. His personal medical competence and qualifications are unquestioned. He has been a member of the Good Samaritan Hospital medical staff since 1989, assigned to the Department of Pediatrics. In 1997, Good Samaritan instituted a more stringent policy regarding pediatric ICU privileges in a manner that Dr. Fox claims was designed to exclude him from the pediatric ICU. This has led to a long-running legal battle waged by Dr. Fox against Good Samaritan in state court (three unsuccessful attempts to get writs of mandamus regarding his medical privileges) and now in federal court by the instant action.

On March 4, 2004 Dr. Fox, proceeding *pro se*, filed his federal complaint against Good Samaritan alleging antitrust violations under Sections 1 & 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, violations under the Health Care Quality Improvement Act, 42 U.S.C. § 11101, and state causes of action for withholding hospital privileges in violation of public policy, Cal. Bus. & Prof. Code §§ 510-512, 2056, and breach of the implied covenant of good faith and fair dealing. A jury trial was originally scheduled for October 10, 2006 but the date was vacated to allow the court additional time to address defendants' motion for summary judgment. Fact discovery closed on June 16, 2006.

Dr. Fox by motion filed March 31, 2006 seeks leave to amend his complaint to add new claims for relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1968, and new California state-law causes of action for prospective interference with economic relations, libel, and slander. He also wants to substitute Good Samaritan Hospital LP and Good Samaritan Hospital LLC for defendant Good Samaritan Hospital and add HCA Inc. as a defendant.

**Adding Good Samaritan Hospital LP and Good Samaritan Hospital LLC**

Dr. Fox seeks to substitute for defendant Good Samaritan Hospital what he refers to as "its legal owners": Good Samaritan Hospital LP, a Delaware limited partnership and Good Samaritan Hospital LLC, a Delaware limited liability company. Rule 15(c)(3) of the Federal Rules of Civil Procedure permits a plaintiff to correct the naming of a party if the party to be added was aware of

1  the lawsuit and knew or should have known that it was not named due to a mistake of identity.

2  Good Samaritan Hospital has been participating in the action and does not object to Dr. Fox's

3  proposed renaming of the defendant.  Dr. Fox may substitute Good Samaritan Hospital LP and Good

4  Samaritan Hospital LLC for defendant Good Samaritan.

5  ### Adding HCA, Inc. as a Party

6  Dr. Fox seeks to add HCA as a defendant.  HCA objects submitting that it would be

7  prejudiced by being added to the litigation at this time because Dr. Fox's original complaint made

8  only tangential reference to HCA and the alleged facts which underlie the RICO claims in Dr. Fox's

9  proposed amended complaint.  HCA claims it would be particularly unfair to force it to defend

10  against these claims in light of the stage of the case.

11  Since the court is not granting the motion to amend, with one exception, insofar as it seeks to

12  add more theories of liability and factual allegations to support those theories, HCA, Inc. will not be

13  significantly prejudiced by being joined at this time.  HCA, as the corporate parent and 100% holder

14  of the shares of the Good Samaritan, has undoubtedly been aware of the claims against Good

15  Samaritan, greatly lessening any threat of prejudice from being added to the litigation now.

16  ### Addition of RICO and New State Law Claims

17  The dispute between Dr. Fox and defendants has been festering for years.  To allow Dr. Fox

18  to now bring in a RICO claim would greatly expand the nature of the litigation, necessitate further

19  discovery and delay a conclusion to a dispute that has lingered for years.  Dr. Fox's initial complaint

20  did not assert a RICO claim, and, therefore, the RICO claims probably could not be considered

21  asserted at the time of the filing of the original complaint.  Therefore, in addition to being

22  problematic from a substantive standpoint, the claims would appear to be untimely.  *See* Fed. R. Civ.

23  P. 15(c).  Even if the claims were not barred by the statute of limitations, the court finds that adding

24  such claims at this time would unreasonably expand the litigation.  Therefore, leave to amend to add

25  RICO claims is denied.

26  Dr. Fox's proposed libel and slander claims arise out of conduct occurring in 1999.  The

27  court finds that it is far too late to add these claims which on their face appear substantively

28

questionable and untimely. Dr. Fox's other proposed new state-law claim, interference with prospective economic relations, is essentially a new theory of liability based on the facts alleged in the initial complaint. Therefore, defendants will not be prejudiced by the addition of this claim. Accordingly, the court denies the motion insofar as it seeks to add libel and slander claims but does allow the addition of the interference with prospective economic relations claim.

**Order**

For the foregoing reasons, the court rules on Dr. Fox's motion for leave to amend his complaint as follows:

1.    New defendants Good Samaritan Hospital LP and Good Samaritan Hospital LLC may be substituted for current defendant Good Samaritan Hospital;

2.    HCA Inc. may be added as a defendant;

3.    Leave to file the proposed RICO, libel and slander claims is denied;

4.    Leave to file the proposed interference with prospective economic relations claim is granted.

DATED:    **9/13/07**

*Ronald M Whyte*
_____
RONALD M. WHYTE
United States District Judge

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiffs:**

3  James A. Hennefer          jhennefer@hennefer-wood.com
   Joseph Wood                jwood@hennefer-wood.com

4  **Counsel for Defendants:**

5
   Beth McGowan
6  Katharine L. West          kwest@mdbe.com
   Ross E Campbell

7

8  Counsel are responsible for distributing copies of this document to co-counsel that have not
   registered for e-filing under the court's CM/ECF program.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28