**\*E-FILED 7/17/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD B. FOX, M.D., | NO. C 04-00874 RS |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT, AND DENYING DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE** |
| v. | |
| GOOD SAMARITAN HOSPITAL LP, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Richard B. Fox, M.D., moves for leave to file a second amended complaint ("SAC") in this antitrust action. For the reasons explained below, Fox's motion for leave to amend his complaint is granted in part and denied in part. Fox's motion to amend his first, second, and third claims will be denied. His motion to plead breach of contract within claim seven will also be denied. Further, the use of the Racketeer Influence and Corrupt Organizations Act ("RICO") as the underlying wrongful conduct within Fox's eighth claim for tortious interference will be denied. Finally, paragraph 129 will be stricken. All other aspects of Fox's motion for leave to file the SAC will be granted.

## II. BACKGROUND

This case has endured a long and tortured procedural history. The presiding judge previously

1

assigned to this action presented its exhaustive background in prior orders.[1] This Court will not rehash all that has gone before, but instead presents only those facts relevant for the current motion, and the procedural history necessary to place the pending motions in context.

Fox is a pediatrician with a specialty in the care of critically ill children who require mechanical ventilation. Prior to 1999, Fox practiced at Good Samaritan Hospital. In that year, Good Samaritan adopted a rule requiring any physician who wanted privileges to practice at the hospital to designate two doctors with identical privileges to serve as backups in the event of the physician's unavailability. Prior to that time, Good Samaritan had required only that physician designated backups possess "appropriate" privileges.

Fox declined to designate backup physicians with privileges identical to his own. Good Samaritan thereupon revoked Fox's privileges who in turn relocated his practice to a nearby hospital. In this action, Fox contends that the rule change was part of an anti-competitive scheme designed to appropriate the benefits of Fox's practice and to favor a competing group of doctors with whom defendants had a relationship. This led Fox to begin a long-running legal battle against Good Samaritan in state court, with three unsuccessful attempts to prompt the issuance of writs of mandamus regarding his medical privileges.

With that unsuccessful state court experience behind him, on March 4, 2004, proceeding *pro se*, Fox filed a complaint ("original complaint") in federal court. Fox's original complaint contained the following claims: (1) *per se* antitrust violation under § 1 of the Sherman Act; (2) boycott *per se* antitrust violation under Sherman Act § 1; (3) unreasonable restraint of trade - prohibited exclusive contract - in violation of Sherman Act § 1; (4) unreasonable restraint of trade - retaliation - in violation of Sherman Act § 1; (5) unlawful monopolization in violation of Sherman Act § 2; (6) suspension and withholding of hospital privileges in violation of public policy under California Business & Professions Code §§ 510-12, 2056; and (7) breach of implied covenant of good faith and fair dealing.

---

[1] *See* August 4, 2004 Order Denying Plaintiff's Motion for Partial Judgment on the Pleadings or Partial Summary Judgment; March 17, 2005 Order Granting in Part and Denying in Part Defendants' Motion for Partial Judgment on the Pleadings; and October 9, 2007 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment.

1   After Fox moved for partial judgment on the pleadings, on August 4, 2004, the court ruled
2   that the *per* se claims were not suitable for judgment on the pleadings. Even though Fox's original
3   complaint only pled *per se* Sherman Act claims, the court also attempted to analyze Fox's *per se*
4   claims under a rule of reason analysis, but concluded that it could not do so without Fox's inclusion
5   of a precise definition of the relevant market in his original complaint.

6   On November 11, 2004, defendants brought their own motion for judgment on the pleadings
7   or, in the alternative, partial summary judgment based on lack of antitrust standing and collateral
8   estoppel arising out of Fox's state court proceedings. On March 17, 2005, the court granted
9   defendants' motion for judgment on the pleadings as to Fox's third claim for unreasonable restraint
10  of trade in violation of an exclusive contract under Welfare & Institutions Code § 14087.28(1)(a)
11  based on collateral estoppel, but denied the motion as to Fox's other claims for relief.

12  In April 2005, Fox retained counsel. On March 31, 2006, Fox filed a motion for leave to file
13  a first amended complaint ("FAC"). On July 7, 2006, before a ruling on Fox's motion to file the
14  FAC, defendants filed a motion for summary judgment directed to the original complaint.
15  Defendants sought summary judgment on claims one and two, the two *per se* antitrust claims. On
16  September 13, 2007, the court granted in part and denied in part Fox's motion to amend his
17  complaint, but did not address defendants' summary judgment motion. The court's order provided
18  that: (1) defendants Good Samaritan Hospital LP and Good Samaritan Hospital LLC could be
19  substituted for then defendant Good Samaritan Hospital; (2) HCA Inc. could be added as a
20  defendant; (3) leave to file the proposed RICO, libel, and slander claims would be denied; and (4)
21  leave to file the proposed interference with prospective economic relations claim would be granted.

22  The court made no mention of any amendment to *per se* claims one and two. As noted
23  above, the order was confined to permitting Fox to substitute Good Samaritan Hospital LP and Good
24  Samaritan Hospital LLC for Good Samaritan Hospital, adding HCA Inc. as a defendant, and adding
25  a claim for interference with prospective economic relations. The court otherwise denied plaintiff's
26  motion to amend his complaint which sought to add claims under RICO and for state law
27  defamation. Despite the court's specific order, in the declaration of Fox's counsel, accompanying
28  Fox's motion for leave to file a FAC, he declared: "The FAC modifies other antitrust causes of action

3

in the Complaint on the basis of the Court's 'Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment on the Pleadings,' to conform to the Court's ruling in that order." James A. Hennefer Decl. in Support of Plaintiff's Mtn. for Leave to File FAC ("Hennefer Decl."), ¶ 13(c).

On September 28, 2007, Fox filed his FAC. The FAC advanced the following claims: (1) unreasonable restraint of trade - exceeding self-regulation authority under Health Care Quality Improvement Act - in violation of Sherman Act § 1; (2) *per se* group boycott in violation of Sherman Act § 1; (3) exclusive dealing contract in violation of Sherman Act § 1; (4) unreasonable restraint of trade - retaliation - in violation of Sherman Act § 1 and California Bus. & Prof. Code §§ 510-12, 2056; (5) monopolization and attempt to monopolize in violation of Sherman Act § 2; (6) retaliation - suspension and withholding of hospital privileges in violation of public policy - under California Bus. & Prof. Code §§ 510-12, 2056; (7) breach of contract and implied covenant of good faith and fair dealing; and (8) interference with prospective economic relations.

On October 9, 2007, the court issued its order granting in part and denying in part defendants' July 7, 2006 motion for summary judgment on Fox's remaining claims for relief in his original complaint. The court granted summary judgment on claims one and two because both claims were defective in not presenting a viable Sherman Act § 1 *per se* theory. The court denied summary judgment as to the fourth claim (the rule of reason theory for retaliatory unreasonable restraint of trade in violation of Sherman Act § 1), the fifth claim (unlawful monopolization in violation of Sherman Act § 2), the sixth claim (suspension and withholding of hospital privileges in violation of public policy under California Business & Professions Code §§ 510-12, 2056), and the seventh claim (breach of implied covenant of good faith and fair dealing).[2]

On April 18, 2008, Fox moved for leave to file the SAC, which this order addresses. Fox's proposed SAC contains the following claims: (1) unreasonable restraint of trade - abuse of medical staff privileging process - in violation of Sherman Act § 1; (2) unreasonable restraint of trade - rule

---

[2] Defendants assert they did not move for summary judgment on claim three because the court dismissed that claim with prejudice in its March 17, 2005 order. The October 9, 2007 order references the fact that the court previously granted judgment on the pleadings as to the third claim for relief for alleged unreasonable restraint of trade based on an exclusive contract.

of reason group boycott - in violation of Sherman Act § 1; (3) unreasonable restraint of trade - de facto exclusive dealing contract - in violation of Sherman Act § 1; (4) unreasonable restraint of trade - retaliation - in violation of Sherman Act § 1 and Cal. Bus. & Prof. Code § 2056; (5) monopolization and attempt to monopolize in violation of Sherman Act § 2; (6) retaliation - withholding of hospital privileges in violation of public policy - under Cal. Bus. & Prof. Code § 2056; (7) breach of contract and implied covenant of good faith and fair dealing; and (8) interference with prospective economic relations.

Fox insists that claims one and two remain viable under a rule of reason theory despite the court's October 9, 2007 order dismissing those claims for relief when styled as *per se* claims. Fox also argues that the third claim for relief under Sherman Act § 1 is likewise permitted under a rule of reason theory, and that claim eight (tortious interference with prospective economic relations) may proceed with RICO as the designated underlying unlawful conduct despite the court's previous order which did not permit Fox to include a free-standing RICO claim. Defendants oppose the motion and contend that instead of omitting, as he was required to do, the three claims previously dismissed (claims one, two, and three), Fox impermissibly repackages them under new theories of liability. Defendants further assert that: (1) Fox inserted a breach of contract claim in his seventh claim without requesting leave to amend; (2) claim eight cannot proceed as pled; and (3) paragraph 129 should be stricken.

### III. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings and provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit applies Rule 15(a) liberally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (reversing and remanding to the district court plaintiff's motion to amend where plaintiff already amended his complaint three times, but sought leave of court in good faith to meet with the court's heightened pleading requirements). In deciding whether to grant leave to amend, the Court generally considers five non-exclusive factors: (1) undue delay; (2) bad faith or dilatory motives; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party if the amendment were allowed, and (5) the futility of the amendment. *Id*. at

1051-1052. Out of these factors, the Court looks primarily to whether the proposed amendment will prejudice the opposing party. *Id*. at 1052. Without a showing of prejudice, or otherwise strong showing of any of the other aforementioned factors, the law favors granting leave to amend. *Id*.

IV. DISCUSSION

A. <u>Claims One and Two</u>

A motion for leave to amend "is not a vehicle to circumvent summary judgment." *Schlacter-Jones v. Gen. Tel. of Calif.*, 936 F.2d 435, 443 (9th Cir. 1991). "Under the law of this circuit, a party cannot assert one theory before this court and, upon losing, return again and assert an entirely different theory." *USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F.3d 1276, 1290 (9th Cir. 1994) (Alarcon, J. concurring). For example, in *Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986), the Ninth Circuit addressed a motion for leave to amend to raise new issues after entry of summary judgment. The court pointed out that the value of the summary judgment mechanism would diminish if a party could amend the issues to be decided after that party lost the motion. *Id*. The rule is relaxed for a party proceeding *pro se*, *see Arford v. United States*, 934 F.2d 229, 231 n.1 (9th Cir. 1991), but even under such a relaxed standard a party is not permitted to assert the same claims that summary judgment eliminated, despite some rewording.

Fox argues that claims one and two, which were originally pled as *per se* Sherman Act § 1 violations, are still permitted under a rule of reason theory despite the October 9, 2007 order dismissing the *per se* claims. That is, Fox argues that despite this Circuit's rule against circumventing summary judgment, it is a long-established principle of antitrust jurisprudence that a claim which may not satisfy the requirements for *per se* illegality should be reviewed under a rule of reason analysis.

Two district court cases dealing with the antitrust *per se*/rule of reason distinction for pleading purposes are informative as they relate to the instant action. In *Cheatham's Furniture Co. v. La-Z-Boy Chair Co.*, 728 F. Supp. 569, 573 (E.D. Mo. 1989), the court stated that "[a]lthough it is possible perhaps that plaintiff's claim could have survived a motion for summary judgment applying the 'rule of reason' standard, plaintiff only alleged in its complaint a per se violation of § 1." The court concluded that, when it became apparent to plaintiff that his claim would fail under a *per se*

claim, "plaintiff did not seek leave to amend its complaint so that the 'rule of reason' standard would have applied. Thus, the Court need not concern itself with that standard . . . ." *Id*. Similarly, in *Inter-City Tire & Auto Ctr., Inc. v. Uniroyal, Inc.*, 701 F. Supp. 1120, 1123 (D.N.J. 1988), the complaint's first claim alleged an antitrust conspiracy in violation of § 1 of the Sherman Act for resale price maintenance and vertical price fixing. Plaintiff pleaded and argued that this alleged antitrust violation constituted a *per se* violation. *Id*. Basing its decision on *Bus. Electronics Corp. v. Sharp Electronics Corp.*, 485 U.S. 717 (1988), the court held that *per se* liability was foreclosed under the Supreme Court's decision, but a rule of reason liability might be cognizable. *Id*. However, because plaintiff did not plead a rule of reason case, and only pled a *per se* claim, summary judgment was appropriate on that claim.[3] *Id*.

This case goes beyond *Cheatham* and *Inter-City* because summary judgment has already been entered as to the *per se* claims. Here, Fox pled two *per se* claims in his original complaint. By virtue of the court's August 4, 2004 order, he was on notice that those claims were also defective if viewed as advancing a rule of reason theory of liability. While he moved for leave to amend both claims to include such a revised claim, the court did not specifically grant leave to do so in its order allowing Fox to file the FAC. Shortly thereafter, the court then granted summary judgment as to the *per se* claims. This Court finds it telling that the previously assigned presiding judge did not grant Fox leave to amend claims one and two to include a rule of reason analysis, and then subsequently granted summary judgment as to those very same claims.

Allowing Fox to amend his complaint at this juncture would prejudice defendants who have responded to Fox's various complaints and are now seeking to move the case forward after seven

---

[3] *Illinois Tool Works, Inc. v. Independent Ink, Inc.*, 547 U.S. 28 (2006), on which Fox relies, is not to the contrary. In that patent antitrust action, the trial court had granted summary judgment against plaintiff on its Sherman Act tying claim because, to the extent the claim depended on a rule of reason theory, plaintiff could not simply presume the existence of the requisite market power for such a claim based on defendant's patent on the tying product. *Id*. at 32. While agreeing with the lower court's conclusion that market power cannot be presumed by virtue of a patent and must be properly pled as part of a rule of reason claim, the Supreme Court sent the case back to the district court because plaintiff had understandably relied on prior precedent to the contrary and should be given the opportunity to replead. *Id*. at 46. The unique situation in *Illinois Tool*, therefore, does not stand for the proposition, as Fox here suggests, that a party can begin with a *per se* claim and when that is denied on summary judgment much later try again on a rule of reason theory.

7

years of litigation. Considering Fox's motion for leave to amend was filed after discovery closed, and after the court granted summary judgment on those particular claims, to add new theories at this late date would deprive defendants of the value of the summary judgment process, thereby weighing against allowing amendment. *See Schlacter-Jones*, 936 F.2d at 443 ("The timing of the motion [for leave to amend], after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave."). Accordingly, claims one and two in the SAC may not be resurrected under a different theory and allowed to proceed.

B. Claims Three and Seven

On March 17, 2005, the court granted defendants' motion for judgment on the pleadings as to Fox's third claim for relief for unreasonable restraint of trade in violation of an exclusive contract under Sherman Act § 1 in his original complaint based on collateral estoppel arising out of Fox's earlier state court proceedings. Despite the court's order dismissing claim three, Fox argues, as he does with claims one and two, that the third claim for relief under Sherman Act § 1 may similarly be resurrected under a rule of reason theory.

As previously noted, after retaining counsel, on March 31, 2006, Fox filed a motion for leave to file the FAC. The declaration of Fox's counsel states that the third claim was removed based on the court's March 17, 2005 order. *See* Hennefer Decl., ¶ 13(b). Based on that declaration, the court did not mention claim three in its September 13, 2007 order granting in part and denying in part Fox's motion to amend his complaint. Yet, upon filing his FAC, claim three reappears but this time with references to California law omitted.

The court has not given Fox permission to amend claim three. Fox, without leave of court, placed a revamped third claim into the FAC, and does so again in his proposed SAC. Including such a claim at this point in the litigation would unfairly prejudice defendants. In defendants' motion for summary judgment, they refrained from seeking summary judgment on claim three because the court's March 17, 2005 order had already dismissed that claim. The presiding judge did not permit the inclusion of the current third claim as part of the FAC and it will not be permitted now in the SAC.

Similarly, defendants argue that the seventh claim for relief in the proposed SAC adds a

breach of contract claim without the court's prior approval. Again, the court made no mention of a breach of contract claim in its order permitting Fox to file the FAC, yet he included such a claim both in the FAC and now in the proposed SAC. For the same reasons discussed above, as Fox added this claim in the FAC without seeking leave to amend, the SAC may not now advance a breach of contract theory as the seventh claim for relief.

### C. Claim Eight: Tortious Interference

In the SAC, Fox seeks to use RICO as the underlying wrongful conduct supporting his claim for tortious interference with prospective economic advantage. Even though RICO is not available as an independent claim by virtue of the September 13, 2007 order, as Fox argues, that does not necessarily preclude its use as the designated and requisite underlying wrongful conduct in support of his claim for tortious interference.

In light of the particular protracted history of this case, however, Fox cannot be permitted to use RICO in this fashion. Leave to amend is discretionary, and at this late stage, adding RICO as an interference predicate creates the same problems the court identified in precluding a separate RICO claim. In the court's order denying Fox's request to amend his complaint to include such a RICO claim, the presiding judge noted:

> To allow Dr. Fox to now bring in a RICO claim would greatly expand the nature of the litigation, necessitate further discovery and delay a conclusion to a dispute that has lingered for years. Dr Fox's initial complaint did not assert a RICO claim, and, therefore, the RICO claims probably could not be considered asserted at the time of the filing of the original complaint. Therefore, in addition to being problematic from a substantive standpoint, the claims would appear to be untimely. . . . [T]he court finds that adding such claims at this time would unreasonably expand the litigation. Therefore, leave to amend to add RICO claims is denied.

September 13, 2007 Order at 3 (citation omitted). The same concerns expressed above ring even more true now almost a year later. Allowing Fox to use RICO as the underlying wrongful conduct will serve only to expand the litigation, reopen discovery, and continue to delay this dispute.[4] Accordingly, Fox's request to amend his eighth claim is denied.

### V. CONCLUSION

---

[4] For these reasons, paragraph 129 in the SAC will also be stricken.

9

For the reasons set forth above, Fox's motion for leave to amend his complaint is denied in part and granted in part. Specifically, Fox's proposed claims one, two, three, and the breach of contract portion of claim seven in the SAC will not be allowed to proceed. Furthermore, RICO may not serve as the underlying wrongful conduct within the eighth claim for tortious interference. Finally, paragraph 129 will be ordered stricken from the SAC. Fox's motion to amend is granted as to all other amendments. Rather than permitting the filing of either an amended SAC or a third amended complaint, in light of the age of this case and the need to bring the pleading process to a close, the SAC as modified by the terms of this order will be deemed filed as of this date.[5]

IT IS SO ORDERED.

Dated: July 17, 2008

RICHARD SEEBORG
United States Magistrate Judge

---

[5] Defendants have multiple motions to dismiss and to strike pending before this Court pertaining to both the FAC and the proposed SAC. For the sake of clarity and to relieve all parties from having to navigate through multiple complaints to determine what is permitted or not in the SAC, those motions are denied without prejudice. By doing so, the Court hopes to put a halt to any future confusion over what was or what was not permitted by prior court orders relating to different complaints. Defendants may now, consistent with Fed. R. Civ. P. 15(a), respond by motion or answer within ten days of the date of this order to the SAC as modified herein.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE
C 04-00874 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

ames A. Hennefer    jhennefer@hennefer-wood.com

Beth Ann Rains McGowen    beth.mcgowen@bingham.com, jerry.webb@bingham.com, ruth.difalco@bingham.com

Samantha L Reardon    samantha.reardon@bingham.com

Megan Dean Richardson    mrichardson@smfs.com

Eric Peter Schoonveld    eric@hpslaw.com

George Albert Shannon , Jr    gshannon@smfs.com

Jane Allison Stevens    jstevens@hpslaw.com

Joseph H. C. Wood    jhcwlaw@yahoo.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/17/08**                                                      **Richard W. Wieking, Clerk**

                                                                        **By:    Chambers**

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE
C 04-00874 RS