IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICHARD B. FOX, **No. C 04-0874 RS**

    Plaintiff, **ORDER RE MOTION TO COMPEL**

v.

GOOD SAMARITAN L.P., et al,

    Defendants.

_____/

On December 17, 2009, Plaintiff's motion to compel was heard pursuant to an order shortening time. At the hearing, the Court ruled on several issues and directed the parties to meet and confer further regarding the matters that remained. The parties subsequently reported in open court the points as to which they had been unable to reach agreement. This order is intended to memorialize briefly the rulings made at the hearing and to resolve the remaining disputes.[1]

---

[1] After the hearing, the parties submitted (but did not file) a total of three letter briefs containing further argument regarding the motion. Although the Court will not rigidly enforce the local rules where more informal procedures can serve to narrow or clarify the scope of parties' disputes in a pending matter, these letters included substantial further arguments on matters under submission. As such, they contravene the spirit and purpose of Civil Local Rule 7-3(d). Therefore, the Court has disregarded them and they will not be filed.

1

1. Boilerplate objections

As discussed at the hearing, the use of "boilerplate" objections generally serves only to complicate analysis by the parties and the court as to where any actual disputes may lie, and they rarely are entitled to any significant weight. Absent an evaluation on a request by request basis, however, the Court is not prepared to declare all such objections overruled. If there is any material uncertainty as to what documents, if any, a party has withheld under any particular objection, the parties should attempt to clarify and resolve such issues through the meet and confer process. If at the conclusion of that process it appears that a party has withheld or declined to search for particular categories of documents under one or more specific objections that the other party believes are unwarranted, then, and only then, can the matter be presented to the Court in a manner that is sufficiently crystallized to permit resolution.

2. Waiver of attorney-client privilege claim

For the reasons discussed more fully at the hearing, plaintiff has not demonstrated a sufficient disclosure of the substance of any attorney-client communication to warrant a finding that the privilege has been waived.

3. Privileging files

As discussed at the hearing, the fact that state law statutory and common law privileges are not binding in this forum does not mean that the policy and privacy concerns underlying those privileges should be disregarded when assessing a party's request for documents. Furthermore, the existence of a protective order in this action may be an important prerequisite to production of sensitive materials, but it does not necessarily nor completely address the privacy concerns of non-parties. Additionally, the concern remains that *any* disclosure outside of particular administrative processes could have at least some chilling effect on the willingness of participants to be completely candid during those proceedings. Having fully considered these competing interests, having evaluated the parties' respective arguments as to relevance, and having reviewed *in camera* two

exemplar privileging files, the Court finds that the physician privileging files should be produced, on an attorney's-eyes only basis under the protective order, with respect to all the requested physicians with the exception of Dr. Douville and Dr. Beaupre, who were neither plaintiff's designated back-ups nor pediatric intensive care unit physicians.

### 4. Patient files

Defendants shall produce the requested patient files with respect to those pediatric patients as to whom plaintiff has obtained consents to disclose. As to the two non-pediatric patient files in dispute, defendants shall produce any material therein that directly or indirectly refers to plaintiff, whether specifically by name or otherwise.

### 5. Litigation Hold Letters

As ordered at the hearing, defendants shall revise or supplement their privilege log to include the identities of persons who received or were copied on any litigation hold letters.

IT IS SO ORDERED.

Dated: 12/30/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE