United States District Court
For the Northern District of California

***E-Filed 02/04/2010***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

RICHARD B. FOX,

Plaintiff,

v.

GOOD SAMARITAN L.P., et al,

Defendants.
________________________________________/

**No. C 04-0874 RS**

**ORDER RE LETTER BRIEFS**

With prior approval of the Court, the parties have submitted letter briefs regarding certain ongoing discovery disputes between them. Specifically, defendants seek a protective order precluding a number of depositions from being taken, and plaintiff moves to compel the further production of documents arising out of the materials defendants produced in response to the Court's December 30, 2009 order. The Court finds these matters suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1(b).

1. Redactions

Plaintiff complains that defendants have heavily redacted the patient records and peer review materials they were ordered to produce regarding the two non-pediatric patients. A substantial portion of plaintiff's briefing is devoted to arguing the relevance of those two patients' cases to this

action, presumably in response to defendants' continued assertions during the meet-and-confer process that such matters have little bearing on the issues in this litigation. The Court's December 30, 2009 order reflected a conclusion that the patient records and peer review materials were relevant, for discovery purposes at least, to the extent they contained any direct or indirect references to plaintiff, "whether specifically by name or otherwise," but that any other information in those files was not subject to production.

In response, defendants have produced documents, including some where all substantive content has been redacted.[1] Plaintiff now insists that defendants provide a "redaction log." The Court's prior ruling, however, in effect has limited plaintiff's discovery request such that only materials referring to plaintiff are to be deemed responsive. A party need not log documents it may possess that are not responsive to a request.

That said, plaintiff's concern that defendants may have taken an overly narrow view of what materials may *indirectly* refer to him is understandable. To allay such concern, defendants have offered to submit the complete unredacted materials for *in camera* review. With some reluctance, the Court concludes that such a review is appropriate in the interests of resolving this issue in a manner that balances the competing interests and assures plaintiff has a fair opportunity to uncover any evidence that may support his claims. Within 5 days of the date of this order, defendants shall submit the materials to the Clerk's office in the San Jose courthouse for delivery to chambers. The materials should be marked or identified in some appropriate manner that permits the Court readily to distinguish between the material that has been produced to plaintiff and that which has been redacted or completely withheld.[2]

2. <u>Designation level</u>

The December 30, 2009 order directed defendants to produce physician privileging files on an "attorney's-eyes only" basis, but did not specify a level of protection for the patient records and

[1] It is unclear whether this represents overly aggressive redaction or merely an effort by defendants to provide a complete record of the contents of the files from which material has been produced.

[2] Defendants must also honor the offer they have made to remove certain specific redactions.



**United States District Court**
For the Northern District of California

peer review materials related to the two non-pediatric patients.[3] Although the peer review material in particular implicates confidentiality concerns similar to those presented by the privileging files, in light of the other limitations on defendants' obligation to produce (i.e., only those materials referring to plaintiff) and under all the circumstances, these materials shall be re-designated as only "confidential" under the protective order.

3. Destroyed medical records

Defendants assert that medical records relating to one of the non-pediatric patients have been destroyed "in accordance with California state law." Without adopting plaintiff's implication that this gives rise to a suspicion of possible wrongful destruction of evidence, defendants are hereby directed to provide plaintiff with additional information as to precisely when and why the records were destroyed.

4. Redacted financial information

Although the parties have already resolved their disputes regarding the redaction of financial information in some documents produced by defendants, the record is not clear as to whether defendants continue to withhold the information in the six documents identified in Exhibit G to plaintiff's letter brief. As plaintiff notes, however, if defendants choose to stand on those redactions, he may seek to preclude defendants from relying on such information at trial.

5. Depositions

Defendants seek a protective order precluding plaintiff from deposing Dr. Bassam Saffouri, who participated in a November 13, 1992 meeting of the Executive Committee of the Division of Gastroentereology that reviewed the circumstances of the colonoscopy procedure performed on plaintiff's wife. The minutes of that meeting reflect what appear to have been somewhat heated

---

[3] Defendants originally produced records regarding the pediatric patients on an attorney's-eyes only basis, but have agreed to remove that designation as to those documents.



**United States District Court**
For the Northern District of California

exchanges between plaintiff and Dr. Saffouri. Plaintiff alleges that shortly after that meeting he was advised, "watch your back." Plaintiffs' theory is that defendants participated in a conspiracy to retaliate against him for raising questions as to the adequacy of patient care. Under these circumstances, the evidence plaintiff seeks to elicit through Dr. Saffouri's deposition is relevant, at least for purposes of discovery, and no protective order will issue.

Defendants also seek a protective order precluding plaintiff from deposing four corporate officers of HCA.[4] Plaintiff impliedly acknowledges that the depositions of these individuals may not be necessary upon completion of numerous other depositions which the parties agree will go forward. Accordingly, defendants' request for a protective order as to these four potential deponents will be denied, without prejudice. Should plaintiff subsequently conclude he still wishes to pursue these depositions, defendant may renew its request for a protective order with respect to any or all of them via a letter brief not to exceed five pages. Within three days thereafter, plaintiff may file a responsive brief also not to exceed five pages. Any such responsive brief should include a succinct description of the relevant information plaintiff believes each potential deponent is likely to hold, and the length of time plaintiff proposes for each such deposition.

IT IS SO ORDERED.

Dated: 02/04/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

[4] Plaintiff has dropped his request to depose a fifth officer, Dr. Thomas Frist, Jr.