IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICHARD B. FOX,

        Plaintiff,

v.

GOOD SAMARITAN L.P., et al,

        Defendants.

**No. C 04-0874 RS**

**ORDER RE FURTHER BRIEFING OF MOTION FOR ATTORNEY FEES**

        The Court has completed an initial review of defendants' motion for an award of attorney fees under the Health Care Quality Improvement Act of 1986, 42 U.S.C. §§ 11101, et seq. ("HCQIA"). In view of the tremendous amount of resources that the parties have devoted to this action already, this order is intended to minimize the further efforts either side will need to make in litigating the attorney fee issue.

        Section 11113 of HCQIA provides, "The court shall, at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was *frivolous, unreasonable, without foundation, or in bad faith*." (Emphasis added.) The Ninth Circuit has explained that, "[t]he policy behind this provision is clear: Congress

wanted to encourage professional peer review by limiting the threat of unreasonable litigation expenses." *Smith v. Ricks*, 31 F.3d 1478, 1487 (9th Cir. 1994).

Here, the Court has formed no opinion yet as to whether plaintiff's claim, or conduct during litigation, could be found to have been "frivolous, unreasonable, without foundation, or in bad faith" so as to support an award of attorney fees. What is clear, however, is that it would grossly distort the intent and purpose of the statute, and contravene equity and good conscience, to permit defendants to recover their fees for litigating *the merits* of this action for six years without seeking relief under the provisions of HCQIA until the eve of trial. While HCQIA provides only immunity from damages, and not immunity from suit, its policy of limiting unreasonable litigation expenses would be wholly undermined by allowing a defendant to engage in unfettered litigation on the merits at plaintiff's expense prior to raising the statutory defense.

Indeed, the argument defendants make in their attorney fee motion regarding plaintiff's supposed knowledge of the HCQIA immunity from the outset of this action is a double-edged sword. Just as plaintiff knew or should have known that the claims might be barred, defendants knew or should have known that they needed to present the issue and obtain a ruling. Defendants make a particular point to emphasize the large number of depositions taken and documents produced *after* the first summary judgment order issued in 2007, contending that none of it served any purpose given that the 2010 summary judgment order did not rely on any such additional evidence to conclude that there were still triable issues of fact on the antitrust and conspiracy issues. That, however, only highlights how unreasonable it would be to shift those costs to plaintiff, when it was defendants who failed to present the HCQIA defense when seeking summary judgment in 2007.[1]

Defendants assert that when plaintiff filed his original complaint he was "in the remarkable position of *already knowing* that the hospital's implementation of the identical privileges rule was fair," given the state court rulings. Motion at 11:17-18 (emphasis in original). While the state court

---

[1] Defendants contend that the filing of *Fox II* and the naming of individual defendants was nothing more than an end run around the closing of discovery in *Fox I*. Even assuming that is so, defendants likely could have stopped *Fox II* from ever having been filed had they presented the HCQIA defense in 2007.

2

rulings may not have been as dispositive of the HCQIA defense as this argument suggests, it further underscores that defendants could have asserted the defense at a very early juncture.

It may be that in many cases a substantial amount of discovery will be required before a summary judgment motion asserting immunity under HCQIA can be brought. Furthermore, in an appropriate case, a defendant likely would be entitled to recover at least some fees associated with defending on the merits of a claim, rather than only those directly attributable to prevailing on the HCQIA immunity defense. Indeed, defendants cite *Addis v. Holy Cross Health System Corp.*, 88 F.3d 482, 485 (7th Cir. 1996) for the proposition that a fee award under section 11113 is warranted even where the defendant prevails on grounds unrelated to HCQIA, as long as the HCQIA standards have been met.[2] It would be unfair and not in furtherance of the statutory goals to deny fees simply because a defendant happened to prevail on some other ground than HCQIA immunity. See also *Johnson v. Nyack Hosp.*, 964 F.2d 116, 123 (2d Cir. 1992) (approving fee award under section 11113 where claim had failed for failure to exhaust administrative remedies). It does not follow, however, that a defendant should be entitled to recover substantial fees that it incurred only because it failed to present the immunity defense in a timely fashion.

Accordingly, no later than April 29, 2010, defendants shall file a supplemental brief with appropriate supporting declarations setting out what attorney fees they believe are reasonably attributable to litigating and prevailing on the HCQIA immunity defense. Given the nature of the arguments made in the summary judgment motion, the Court anticipates that very little, if any, discovery costs related to the issue, and that the claim therefore will consist of that portion of researching, writing, and arguing the summary judgment motion, including the post-hearing briefing, that involved HCQIA specifically. Defendants are free, however, to present evidence that other costs are fairly characterized as relating to the defense. Defendants may also elect to respond to the points raised in this order, but shall limit any such response to no more than ten pages.

---

[2] In *Addis*, the district court had declined to reach the question of HCQIA immunity when granting summary judgment and thereafter refused to do so as a basis for awarding fees.

3

The hearing on the motion for attorney fees remains scheduled for June 3, 2010, with opposition and any reply due as provided in Civil Local Rule 7.

IT IS SO ORDERED.

Dated: 04/19/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE